# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| TOWNSHIP OF HOWELL, MONMOUTH COUNTY, NEW JERSEY, Individually and Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>       vs.<br><br>AXON ENTERPRISES, INC.; and SAFARILAND, LLC,<br><br>                              Defendants. | Case No. 3:23-cv-7182-RK-RLS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ORDER APPOINTING KELLIE LERNER AND HEIDI SILTON AS INTERIM CO-LEAD COUNSEL AND MICHAEL D. FITZGERALD AS INTERIM LIAISON COUNSEL**<br><br>**Motion hearing date: _____, 2023 at _____** |

## **TABLE OF CONTENTS**

INTRODUCTION ..........................................................................................1

BACKGROUND ..........................................................................................3

ARGUMENT ...............................................................................................4

I.      Standards for Appointing Interim Co-Lead Class Counsel............................4

II.     Proposed Duties and Responsibilities for Lead Counsel.................................6

    A.      Proposed Interim Co-Lead Counsel Have Expended Significant
        Time and Resources to Investigate Plaintiff's Claims and
        Advance This Litigation. ......................................................................6

    B.      Proposed Interim Co-Lead Counsel Have Extensive Experience
        in Class Actions and Antitrust Litigation, and Know the
        Applicable Law. ...................................................................................7

        1.      Kellie Lerner of Robins Kaplan LLP.........................................8

        2.      Heidi Silton of Lockridge Grindal Nauen P.L.L.P. .................12

    C.      Proposed Interim Co-Lead Counsel Have the Resources
        Necessary to Effectively Prosecute This Litigation. ..........................15

    D.      Proposed Interim Co-Lead Counsel Will Continue to Work
        Cooperatively with All Counsel. .........................................................16

    E.      The Court Should Also Appoint Michael D. Fitzgerald as
        Interim Liaison Counsel. .....................................................................16

III.    CONCLUSION..........................................................................................17

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Adedipe v. U.S. Bank, Nat'l Ass'n*,
   No. 13-cv-2687 JNE/JJK, 2014 WL 835174
   (D. Minn. Mar. 4, 2014)..........................................................................5

*In re Air Cargo Shipping Servs. Antitrust Litig.*,
   240 F.R.D. 56 (E.D.N.Y. 2006) ...............................................................5

*Baker v. Saint-Gobain Performance Plastics Corp.*,
   No. 1:16-CV-0220, 2016 WL 4028974 (N.D.N.Y. July 27, 2016)...................16

*Garbaccio v. St. Joseph's Hosp. & Med. Ctr. & Subsidiaries*,
   No. 16-cv-2740 (JMV), 2017 WL 1196458 (D.N.J. Mar. 13, 2017) .................7

*In re Insulin Pricing Litig.*,
   No. 3:17-cv-0699-BRM-LHG, 2017 WL 4122437
   (D.N.J. Sept. 18, 2017) ...........................................................................5

*Lusk v. Life Time Fitness, Inc.*,
   No. 15-cv-1911 JRT/JJK, 2015 WL 9858177
   (D. Minn. July 10, 2015)..........................................................................5

*Santos v. Carrington Mortg. Servs., LLC*,
   No. 2:15-cv-864, 2017 WL 215969 (D.N.J. Jan. 18, 2017) ..............................4

*Yaeger v. Subaru of Am., Inc.*,
   No. 14-cv-4490, 2014 WL 7883689 (D.N.J. Oct. 8, 2014)................................5

**Other Authorities**

CHARLES ALAN WRIGHT ET AL.,
   *Federal Practice and Procedure* § 1802.3 (3d ed. 2005).....................................5

Fed. R. Civ. P. 23(g) ........................................................................*passim*

Manual for Complex Litigation (Fourth) § 21.11 (2004)................................1, 6, 16

MOORE'S FEDERAL PRACTICE § 23.120[3][a] (2007)..................................................6

Pursuant to Rule 23(g)(3) of the Federal Rules of Civil Procedure, and to preserve time and resources and ensure the effective prosecution of this litigation, Plaintiff Township of Howell, Monmouth County, New Jersey ("Plaintiff"), respectfully requests that the Court appoint Kellie Lerner of Robins Kaplan LLP and Heidi Silton of Lockridge Grindal Nauen P.L.L.P. as Interim Co-Lead Class Counsel (together, "Proposed Interim-Co-Lead Counsel"), and Michael D. Fitzgerald of the Law Office of Michael D. Fitzgerald as Interim Liaison Counsel for the proposed Class.

## INTRODUCTION

Fed. R. Civ. P. 23(g)(3) permits a court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Designating interim class counsel is essential because it "clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Manual for Complex Litigation (Fourth) ("Manual") § 21.11 (2004).

This Court should appoint interim co-lead class counsel. Doing so will allow counsel to coordinate discovery, depositions, and motion practice, employ experts, meet deadlines, and otherwise efficiently prosecute this litigation.

Ms. Lerner and Ms. Silton are eminently qualified to serve as interim co-lead class counsel in this case. Each has a solid record of experience, knowledge, and commitment of resources to similar litigation, including some of the largest and most complex antitrust class actions in recent years. Ms. Lerner and Ms. Silton, along with their respective teams, have dedicated significant time and resources to this case, and will continue to do so. They drafted the Complaint and filed the first and, to date, the only case against Defendants for conspiracy and monopolization claims in the long-range conducted energy weapons ("CEWs") and body-worn camera ("BWC") systems markets. The Complaint includes information gathered as a result of their extensive and detailed investigation.

Ms. Lerner and Ms. Silton respectfully submit their approach is most effective for the class members, and their two firms have been very successful in representing class members in comparable litigation nationwide. If appointed, Ms. Lerner and Ms. Silton will work tirelessly to secure an outstanding result for the class. As detailed below, the class would be best served by this appointment based on proposed Interim Co-Lead Counsel's knowledge and expertise in complex antitrust litigation and their track record of recovering high percentages for the class.

In addition, Plaintiff has retained the Law Office of Michael D. Fitzgerald, based in New Jersey, as interim liaison counsel. Mr. Fitzgerald has substantial experience in complex litigation, has successfully represented New Jersey

government entities in antitrust class actions, and has appeared before this Court numerous times.

The undersigned counsel have effected service of the complaint and conferred with defense counsel in this action to coordinate a case schedule. They have also communicated with defense counsel on the substance of this motion, on which Defendants thus far take no position. Given their extensive pre-filing investigation and efforts to efficiently and diligently organize and prepare this case for prosecution, Plaintiff respectfully submits that the Court should appoint Ms. Lerner and Ms. Silton as Interim Co-Lead Class Counsel, and Mr. Fitzgerald as Interim Liaison Counsel.

## BACKGROUND

Plaintiff alleges that Defendants Axon and Safariland entered into a market-allocation agreement and conspired to monopolize the CEW and BWC systems markets, and Defendant Axon attempted to, and did, monopolize both markets. *See* Declaration of Heidi M. Silton in Support of Motion to Appoint Interim Co-Lead Class Counsel and Interim Liaison Counsel ("Silton Decl.") at ¶ 2, filed herewith. Plaintiff's claims arise under sections 1 and 2 of the Sherman Act and section 7 of the Clayton Act.

Plaintiff is a township located in Monmouth County, New Jersey. Plaintiff filed this antitrust class action against Axon and Safariland on August 22, 2023. It

brought its claim on behalf of all direct purchasers of Axon-produced Taser-branded CEWs or Axon BWC systems, and all purchasers of components of Taser-branded CEWs sold by either Defendant. *Id*. Plaintiff alleges that Defendants' conduct harmed competition in the United States for long-range CEWs, BWC systems, and long-range CEW components and injured Plaintiff and Class members by creating higher prices for purchasers than there would have been in a competitive market.

## ARGUMENT

## I.    STANDARDS FOR APPOINTING INTERIM CO-LEAD CLASS COUNSEL.

Federal Rule of Civil Procedure 23(g)(3) allows the court to designate "interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3); *see also Santos v. Carrington Mortg. Servs., LLC*, No. 2:15-cv-864 (WHW-CLW), 2017 WL 215969, *1 (D.N.J. Jan. 18, 2017).

Interim lead counsel must represent the interests of the class. Fed. R. Civ. P. 23(g)(2). In selecting interim lead counsel, this Court must consider: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigations, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A). In addition to the four "must" factors in Rule 23(g)(1)(A), a court also

4

"may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).[1]

Courts have found that proposed lead counsel's experience and service as lead counsel in prior cases is particularly persuasive. *See Lusk v. Life Time Fitness, Inc.*, No. 15-cv-1911 JRT/JJK, 2015 WL 9858177, *2 (D. Minn. July 10, 2015). Courts also look at the resources counsel expended to investigate the suit before filing. *See Adedipe v. U.S. Bank, Nat'l Ass'n*, No. 13-cv-2687 JNE/JJK, 2014 WL 835174, *3 (D. Minn. Mar. 4, 2014). No single factor is determinative and a court should appoint counsel after evaluating all relevant considerations. *See In re Insulin Pricing Litig.*, No. 3:17-cv-0699-BRM-LHG, 2017 WL 4122437, at *1 (D.N.J. Sept. 18, 2017); *see also* Fed. R. Civ. P. 23(g)(1)(A-B); 7B CHARLES ALAN WRIGHT ET AL., *Federal Practice and Procedure* § 1802.3 (3d ed. 2005).

---

[1] Though these Rule 23(g)(1) factors pertain to the selection of class counsel upon the certification of a class, courts appointing interim class counsel under Rule 23(g)(3) before a class is certified apply these same factors. *See Yaeger v. Subaru of Am., Inc.*, No. 14-cv-4490 (JBS/KMW), 2014 WL 7883689, *1 (D.N.J. Oct. 8, 2014) ("[I]t appears to be generally accepted that the considerations set out in Rule 23(g)(1)(c), which govern the appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification." (quoting *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006))).

## II.   PROPOSED DUTIES AND RESPONSIBILITIES FOR LEAD COUNSEL.

If appointed, Proposed Interim Co-Lead Counsel will execute all duties and responsibilities of lead counsel to effectively and efficiently resolve this litigation. These comport with the standards in the Manual for Complex Litigation and include presenting written and oral arguments to the court; communicating with other parties; organizing discovery requests and responses; examining deponents; delegating specific tasks to other counsel; seeing that schedules are met; and undertaking other pretrial duties to coordinate pretrial activities or as authorized by the Court. *See* Manual § 10.221.

Proposed Interim Co-Lead Counsel would also ensure that this matter is adjudicated in an efficient manner, including establishing a time and expense reporting protocol for all counsel, which will be contained in a letter substantially in the form attached as Exhibit 1 to the Silton Declaration. Silton Decl. ¶ 3.

### A.   **Proposed Interim Co-Lead Counsel Have Expended Significant Time and Resources to Investigate Plaintiff's Claims and Advance This Litigation.**

Proposed Interim Co-Lead Counsel have already taken significant steps to identify and investigate Plaintiff's claims and to advance this litigation. *See* Fed. R. Civ. P. 23(g)(1)(A)(i). One factor a court may consider is whether an attorney has undertaken "the process of drafting the complaint [which] requires investigatory and analytical effort." MOORE'S FEDERAL PRACTICE § 23.120[3][a] (2007); *see also*

6

*Garbaccio v. St. Joseph's Hosp. & Med. Ctr. & Subsidiaries*, No. 16-cv-2740
(JMV), 2017 WL 1196458, *3 (D.N.J. Mar. 13, 2017) (finding that this factor
weighed in favor of the movant who had spent time conducting research on potential
claims and was among the first to file a complaint in related cases). Proposed Interim
Co-Lead Counsel have done just that.

Proposed Interim Co-Lead Counsel undertook a multi-year investigation, as
evidenced by the depth and detail of the Complaint's allegations. Their investigation
commenced not long after the U.S. Federal Trade Commission ("FTC") filed an
administrative complaint on January 3, 2020 against Axon and Safariland based on
the acquisition of VieVu and the associated non-competition agreements between
Defendants. The news alerted the world to the possibility of a claim. However,
Proposed Interim Co-Lead Counsel were the first to conduct the rigorous research
necessary to compose a detailed and in-depth complaint. Their research took place
over more than a year and included conducting economic analysis and extensive
review of academic scholarship, industry reports, government reports, and other
publicly available data, and consulting industry experts.

**B.  Proposed Interim Co-Lead Counsel Have Extensive Experience in Class Actions and Antitrust Litigation, and Know the Applicable Law.**

Proposed Interim Co-Lead Counsel have extensive experience prosecuting
antitrust class actions and other complex litigation and have demonstrated their deep

knowledge of antitrust and other applicable law. *See* Fed. R. Civ. P. 23(g)(1)(A)(ii) and (iii). Below is a summary of their experience.

1. <u>Kellie Lerner of Robins Kaplan LLP</u>

Robins Kaplan brings 85 years of litigation experience to its representation of corporate, government, and individual parties on both sides of the courtroom and has obtained over $15 billion in recoveries for its antitrust clients in the past several years alone. Robins Kaplan is a firm of more than 225 attorneys in seven major cities nationwide. Members of the firm hail from diverse backgrounds and include some of the nation's leading practitioners.[2]

Robins Kaplan has litigated numerous major cases on behalf of victims of international conspiracies to fix prices, including *In re Automotive Parts Antitrust Litigation*, MDL No. 2311 (E.D. Mich.), a sprawling multidistrict litigation involving more than 40 separate component part class actions and over 150 defendants, many of whom are located abroad. In this case alone, which was initiated by Ms. Lerner, Robins Kaplan has obtained in excess of $1.2 billion in settlements for the classes, the largest indirect purchaser recovery in U.S. history. In *In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917 (N.D. Cal.), the firm obtained settlements on behalf of Best Buy against television parts manufacturers

---

[2] Information about Robins Kaplan's diversity, trial experience, and antitrust practice is available at in the firm's Antitrust Practice Group Resume (Lerner Decl. Ex. 1) and at www.robinskaplan.com.

Chunghwa Picture Tubes, Samsung, and others in multidistrict litigation alleging a conspiracy to fix the prices of TV and computer monitor components. *See* Declaration of Kellie Lerner in Support of Motion to Appoint Interim Co-Lead Class Counsel and Interim Liaison Counsel ("Lerner Decl.") Ex. 1 at 6.

Robins Kaplan has successfully litigated other complex antitrust class actions. In *In re Payment Card Interchange Fee & Merchant Discount Antitrust Litigation*, MDL No. 1720 (E.D.N.Y.), Robins Kaplan pursued an innovative theory that Visa's and Mastercard's interchange fee structure and rules are anticompetitive, resulting in overcharges to 10 million merchants. Recently, the United States Court of Appeals for the Second Circuit unanimously upheld the district court's order giving final approval of a $5.6 billion settlement on behalf of U.S. merchants. It is the largest known settlement of an antitrust class action under the Sherman Act. In October of 2022, Robins Kaplan finalized settlements in excess of $118 million on behalf of U.S. contact lens purchasers, resolving an expansive antitrust class action against the four dominant manufacturers and the largest nationwide distributor of contact lenses. *In re Disposable Contact Lens Antitrust Litig*., No. 15-md-02626 (M.D. Fla.); Lerner Decl. Ex. 1 at 6.

The quality of Robins Kaplan's legal work is reflected in its accolades as well as its results. The American Antitrust Institute honored Robins Kaplan for "Outstanding Antitrust Litigation Achievement in Private Law Practice" for its

9

leadership of the end purchaser class in *Automotive Parts*. *Chambers USA* has ranked Robins Kaplan in the first band nationally for its plaintiffs' antitrust work each year since 2014 and stated that Robins Kaplan's Antitrust and Trade Regulation Practice Group "[r]eceives widespread praise for its capabilities in all types of antitrust matters but has achieved particularly significant success on behalf of plaintiff clients" and "[d]emonstrates considerable trial experience." Lerner Decl. Ex. 1 at 11.

**Kellie Lerner** is nationally recognized for her work over the last two decades representing clients in high-stakes antitrust disputes across the country. She has worked on a number of groundbreaking cases, including serving as a member of the trial team in *In re Abbott Labs Norvir Antitrust Litig.,* No. 04-cv-1511 (N.D. Cal.), where she helped secure an 8-figure settlement that included payments to non-profit organizations serving individuals with HIV. Among other cases, Ms. Lerner led the teams to achieve settlements in *County of Monmouth, New Jersey v. Florida Cancer Specialists PL et al.*, No. 18-cv-00201 (M.D. Fla.) (secured a settlement of $7.2 million in a class action complaint against a Florida cancer treatment center and its president for alleged monopolization of oncology services in Southwest Florida) and *BCBSM, Inc. v. Vyera Pharms., LLC et al.*, 1:21-cv-01884 (S.D.N.Y.) (obtaining settlement worth up to $28 million in an antitrust class action against notorious "Pharma Bro," Martin Shkreli, two of his former companies, and a former executive

for illegally monopolizing the market for Daraprim—a once-affordable, life-saving drug, which increased in price by more than 4,000 percent under Shkreli's leadership). Lerner Decl. Ex. 1 at 14. Ms. Lerner currently serves as co-lead counsel in *In re Merck Mumps Vaccine Antitrust Litigation*, No. 12-cv-03555 (E.D. Pa.), a class action alleging Merck, the sole supplier of Measles-Mumps-Rubella vaccines, unlawfully excluded potential rival manufacturers from the market.

*Chambers USA* recognizes Ms. Lerner as one of the country's top plaintiff's antitrust attorneys. Ranked Band 1 for the last five consecutive years, Ms. Lerner is described by her peers in *Chambers* as "an excellent strategist and one of the first colleagues I call to collaborate on a novel issue." Lerner Decl. Ex. 1 at 13. Ms. Lerner is a "zealous advocate," and "an amazing attorney who mixes vision and skill with respect and team building. She has been a trendsetter in taking on difficult and innovative cases." *Chambers* similarly notes that Ms. Lerner has been praised by her peers for her ability to "get large teams of people to work effectively together," and as "a brilliant tactician and a fierce litigator. She does this while maintaining a cordial relationship both with other plaintiffs' counsel and with defense counsel." The *Legal 500 USA* also praised Ms. Lerner for her "superior intellect, determination and political savvy in getting the job done." *Id*.

11

### 2. <u>Heidi Silton of Lockridge Grindal Nauen P.L.L.P.</u>

Lockridge Grindal Nauen ("LGN") is a sixty-attorney firm based in Minneapolis, Minnesota. LGN has specialized in Antitrust and other federal civil litigation for over 40 years.  Silton Decl. Ex. 3.

LGN's attorneys have prosecuted major cases and class actions involving price-fixing, industry cartels, predatory pricing, and other antitrust cases in courts nationwide. In just the last decade, LGN and its colleagues have recovered billions of dollars for their clients and class members in national and international antitrust cases. LGN currently leads complex cases in federal courts across the country including: *In re Broiler Chicken Antitrust Litig.*, No. 1:16-cv-08637 (N.D. Ill.) (co-lead counsel for direct purchasers); *In re Pork Antitrust Litig.*, No. 0:18-cv-1776 (D. Minn.) (co-lead counsel for direct purchasers); *In re Turkey Antitrust Litig.*, No. 1:19-cv-8318 (N.D. Ill.) (co-lead counsel for direct purchasers); *In re Cattle and Beef Antitrust Litig.*, No. 0:22-cv-03031 (D. Minn.) (co-lead counsel for consumer purchasers); *Wood Mountain Fish LLC, et al. v. Mowi ASA*, No. 1:19-cv-22128 (S.D. Fla.) (co-lead for indirect purchasers); *Staley v. Gilead Scis., Inc.*, No. 3:19-cv-02573 (N.D. Cal.) (Plaintiffs' executive committee); and *In re Generic Pharms. Pricing Antitrust Litig.*, No. 16-MD-2724 (E.D. Pa.) (Plaintiffs' steering committee). *Id*.

LGN's antitrust experts are leaders in the field and have served in a variety of national leadership positions in the antitrust legal community such as the Board of

Directors and Advisory Board of the American Antitrust Institute; President of the Committee to Support the Antitrust Laws (COSAL); the Minnesota State Bar Association's Antitrust Law Section; the Antitrust Law Advisory Board of Strafford Publications; and the American Bar Association Antitrust Section's Committees. LGN's attorneys have also served as contributing authors to national and international antitrust law treatises and other publications, including the American Bar Association's Antitrust Law Developments publication. Additionally, LGN attorneys participate in the Federal Practice Committee and Merit Selection Panels for the District of Minnesota and serve as members of the Sedona Conference.

Courts have repeatedly praised LGN's antitrust team. For instance, U.S. District Judge John Gleeson (ret.) described LGN's attorneys as "highly experienced practitioners in complex litigation generally and antitrust litigation specifically." *Precision Assocs., Inc. v. Panalpina World Transp. (Holding) Ltd.*, No. 08-cv-42 (JG) (VVP) (E.D.N.Y.) ("The settlement amounts proposed here attest to Class Counsel's abilities."). U.S. District Chief Judge Ruben Castillo (ret.) recognized not only "the outstanding result obtained for the Class" but also "the quality of work product and quantity of work" the team performed. *In re Potash Antitrust Litig. (II)*, No. 1:08-cv-06910 (N.D. Ill.).  Heidi M. Silton will have primary responsibility over this litigation at LGN.

13

**Heidi M. Silton** has represented plaintiffs in nationwide antitrust class actions and clients in high-stakes complex civil litigation for more than 25 years. Ms. Silton possesses extensive experience in all aspects of multidistrict litigation and is a seasoned advocate for plaintiffs in MDLs. The vast majority of Ms. Silton's litigation career has been collaborative in nature. She, and her firm, are routinely appointed to leadership positions that require high levels of cooperation with other plaintiffs' firms.[3] Throughout her career, Ms. Silton has successfully represented clients in antitrust actions, earning her a reputation as a skilled and aggressive advocate for her clients' interests. She is known and respected by courts nationwide and counsel across the country on both the plaintiff and defense side. Throughout her career, Ms. Silton has worked with many types of clients, and in varying market

---

[3] *See, e.g.*, *In re Packaged Seafood Prods. Antitrust Litig.*, MDL No. 15-MD-2670-JLS (S.D. Cal.) (antitrust class action alleging price-fixing in the packaged tuna industry); *In re Generic Pharms. Pricing Antitrust Litig.*, No. 16-MD-2724 (E.D. Pa.) (Plaintiffs' Steering Committee); *Wood Mountain Fish LLC, et al. v. Mowi ASA*, No. 1:19-cv-22128 (S.D. Fla.) (co-lead counsel, filed the first indirect purchaser antitrust complaint, and negotiated settlements that ultimately recovered $33 million); *In re Monosodium Glutamate Antitrust Litig.*, MDL No. 1328 (D. Minn.) (co-lead counsel, conducted critical discovery and negotiated settlements that ultimately recovered $123 million); *In re Potash Antitrust Litig. (II)*, No. 1:08-cv-06910 (N.D. Ill.) (co-lead counsel, substantial discovery and settlement work that resulted in $90 million recovery); *Precision Assocs., Inc. v. Panalpina World Transp. (Holding) Ltd.*, No. 1:08-cv-00042 (E.D.N.Y.) (Freight Forwarder Antitrust Litigation, one of four co-lead firms, resolving conspiracy claims against 68 defendants and recovering at least $406 million); *In re Urethane Antitrust Litig.*, No. 04-MD-1616 (D. Kan.) (one of four co-lead firms, recovering $33 million for the class).

14

segments.  She is passionate about protecting clients' economic freedom and opportunity by promoting free and fair competition in the marketplace and is dedicated to antitrust enforcement.  Silton Decl. Ex. 3.

Ms. Silton's approach to litigation is rooted in thorough preparation, creative problem-solving, and a fierce commitment to achieving the best possible outcome for her clients. Ms. Silton is equally comfortable in the courtroom as in negotiations. She is known for her ability to harness large amounts of evidence into a compelling narrative for courts or juries, her ability to think on her feet, her attention to detail while balancing many balls in the air, and her never-ending ability to problem solve.

 Ms. Silton is also a leader in the nationwide antitrust community and an active participant in antitrust policy discussions. She is the past President of the Committee to Support the Antitrust Laws (COSAL), an Advisory Board Member of the American Antitrust Institute (AAI), and the current chair of AAI's Private Enforcement Awards Committee. She is also a past chair and emeritus of the Minnesota State Bar Association Antitrust Law Section. *See* Silton Decl. ¶¶ 6-8.

### C.  <u>Proposed Interim Co-Lead Counsel Have the Resources Necessary to Effectively Prosecute This Litigation.</u>

Proposed Interim Co-Lead Counsel stand ready to dedicate the resources necessary to represent and protect the interests of the putative class through rigorous motion practice, discovery, class certification, and trial. *See* Fed. R. Civ. P. 23(g)(1)(A)(iv). They have demonstrated their dedication and commitment in the

many complex cases discussed above. They will bring the same resources and commitment to ensure the successful prosecution of this case. Silton Decl. Exs. 2-3.

### D.   Proposed Interim Co-Lead Counsel Will Continue to Work Cooperatively with All Counsel.

Ms. Lerner and Ms. Silton have an effective management style. They also have a demonstrated record of accomplishment in working professionally with defense counsel, and will continue to do so.  *See Baker v. Saint-Gobain Performance Plastics Corp.*, No. 1:16-CV-0220 (LEK/DJS), 2016 WL 4028974, *4 (N.D.N.Y. July 27, 2016) (interim counsel's "ability to command the respect of their colleagues and work cooperatively with opposing counsel and the court" are important considerations) (internal quotations omitted; *citing* Manual § 10.224). Together, Ms. Lerner and Ms. Silton will make every effort to prosecute this case successfully, as they have done in many previous cases.

### E.   The Court Should Also Appoint Michael D. Fitzgerald as Interim Liaison Counsel.

Mr. Fitzgerald brings valuable experience as liaison counsel for this litigation. In particular, he has had a decades-long career in New Jersey, and thoroughly knows the District of New Jersey's local rules and procedural nuances.

Mr. Fitzgerald graduated from the Elisabeth Haub School of Law at Pace University and has served as County Counsel for the County of Monmouth in New Jersey since 2017. Mr. Fitzgerald also operates the Law Offices of Michael D.

Fitzgerald which has successfully litigated antitrust class actions as well as complex civil actions before this Court.

## III.   CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court appoint Proposed Interim Co-Lead Counsel and Proposed Liaison Counsel in this litigation.

Dated: September 26, 2023

/s/ Kellie Lerner
_____
Kellie Lerner (NJ #018532003)
William V. Reiss (NY #4431177)
(*pro hac vice pending*)
Jonathan S. Edelman (DC #1719587)
(*pro hac vice pending*)
**ROBINS KAPLAN LLP**
1325 Avenue of the Americas, Suite 2601
New York, NY 10019
(212) 980-7400
klerner@robinskaplan.com
wreiss@robinskaplan.com
jedelman@robinskaplan.com

Heidi M. Silton (MN #025759X)
(*pro hac vice pending*)
Jessica N. Servais (MN #0326744)
(*pro hac vice pending*)
Joseph C. Bourne (MN #0389922)
(*pro hac vice pending*)
Eura Chang (MN #0403526)
(*pro hac vice forthcoming*)
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
(612) 339-6900
hmsilton@locklaw.com
jnservais@locklaw.com
jcbourne@locklaw.com
echang@locklaw.com

Michael D. Fitzgerald (NJ #004391985)
**LAW OFFICES OF MICHAEL D. FITZGERALD**
1 Industrial Way West, Unit B
Eatontown, NJ 07724
(202) 349-1482
mdfitz@briellelaw.com

18

*Counsel for Plaintiff and the Proposed Class*

19