UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TOWNSHIP OF HOWELL, MONMOUTH COUNTY, NEW JERSEY, Individually and Behalf of All Others Similarly Situated,<br><br>　　　　　　　　Plaintiff,<br>vs.<br><br>AXON ENTERPRISE, INC.; and SAFARILAND, LLC,<br><br>　　　　　　　　Defendants. | Case No. 3:23-cv-7182-RK-RLS<br><br>**[PROPOSED] ORDER GRANTING REVISED MOTION FOR ORDER APPOINTING KELLIE LERNER, HEIDI SILTON, AND SHARON ROBERTSON AS INTERIM CO-LEAD COUNSEL AND MICHAEL D. FITZGERALD AS INTERIM LIAISON COUNSEL, AND FOR CONSOLIDATION**<br><br>Motion hearing: _____, 2023 at ____ |

This matter came before the Court on _____, 2023 regarding Plaintiffs' Revised Motion to Appoint Kellie Lerner, Heidi Silton, and Sharon Robertson as Interim Co-Lead Counsel and Michael D. Fitzgerald as Interim Liaison Counsel, and for consolidation.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

### CONSOLIDATION

1.　Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure and Local Rule 42.1, the following cases are consolidated for all (including pretrial and trial) purposes: *Township of Howell, Monmouth County, New Jersey v. Axon*

76814171.2

*Enterprise, Inc.*, No. 23-cv-7182; *Mayor and City Council of Baltimore v. Axon Enterprise, Inc.*, No. 23-cv-21156; and *City of Augusta, Kennebec County, Maine v. Axon Enterprise, Inc.*, No. 23-cv-20897 (together, the "Related Cases").

2. This order does not have the effect of making any entity a party to an action in which it has not been joined and served in accordance with the Federal Rules of Civil Procedure.

3. Any lawyer who has been admitted *pro hac vice* in any of the Related Cases need not seek *pro hac vice* admission in any other of the Related Cases—a single *pro hac vice* admission in these consolidated proceedings is sufficient. Any lawyer who has filed a notice of appearance in any of the Related Cases need not notice an appearance in any other of the Related Cases—a single notice in these consolidated proceedings is sufficient. It is incumbent upon the lawyer to ensure his or her appearance is listed in the consolidated proceedings for ECF purposes.

4. Every pleading or filing in this action, and any separate action subsequently included therein, shall bear the following caption:

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| *IN RE AXON VIEVU ANTITRUST LITIGATION* | Case No. 3:23-cv-7182-RK-RLS |
|---|---|

**NEWLY FILED OR TRANSFERRED ACTIONS**

76814171.2

5.	When an action that relates to the same subject matter as this action is hereafter filed in or transferred to this Court and assigned to the undersigned, it shall be consolidated with the Related Cases (provided that any case transferred to this Court solely for pretrial proceedings shall be consolidated only to that extent absent further order of this Court), and the Clerk of Court shall:

    a.	Docket a copy of this Order in the separate file for such action; and

    b.	Make an appropriate entry in the docket that a new case has been assigned.

6.	The terms of this Order shall apply automatically to actions later instituted in, removed to, or transferred to this court that involve allegations of antitrust violations concerning the subject matter of the Related Cases.

## **PLAINTIFFS' LEAD COUNSEL**

7.	Kellie Lerner, Heidi Silton, and Sharon Robertson are hereby appointed as Interim Co-Lead Counsel.

8.	Interim Co-Lead Counsel will have sole authority over the following matters on behalf of Plaintiffs and/or the proposed class:

    a.	convening meetings of counsel;

    b.	initiation, response, scheduling, briefing, and argument of all motions;

    c.	the scope, order, and conduct of all discovery proceedings;

    d. making such work assignments among themselves and other counsel as they may deem appropriate;

    e. collecting contemporaneously kept time-and-expense reports from all Plaintiffs' counsel on a periodic basis;

    f. the retention of experts;

    g. designation of which attorneys will appear at hearings and conferences with the Court;

    h. trial and appeals;

    i. the timing and substance of any settlement negotiations and/or settlement with Defendants;

    j. the allocation of fees among the various firms doing work in the case, if any are awarded by the Court; and

    k. other matters concerning the prosecution of the case.

9. Interim Co-Lead Counsel will have authority to communicate with Defendants' counsel and the Court on behalf of all Plaintiffs and/or the proposed class. Defendants' counsel may rely on all agreements made with Interim Co-Lead Counsel and these agreements will be binding on all Plaintiffs or class counsel. Only Interim Co-Lead Counsel may initiate or direct the filing of any motions on behalf of Plaintiffs and/or the proposed class.

10. On a monthly basis, Interim Co-Lead Counsel will collect reports of contemporaneously prepared attorney and paralegal time and expense records from each firm working on behalf of Plaintiffs. On a monthly basis, each plaintiff's firm that, at Interim Co-Lead Class Counsel's discretion, may receive a portion of the fee awarded by the Court will transmit to Interim Co-Lead Counsel a report summarizing, according to each separate activity: the time and expense spent by its members, associates, or staff during the preceding month, the ordinary billing rates of such attorneys in effect during that time, and the accumulated total of the firm's time, hourly rates, and expenses to date in a format to be established by Interim Co-Lead Counsel.

11. Michael D. Fitzgerald is hereby appointed as Interim Liaison Counsel.

12. Interim Liaison Counsel will

    a. communicate with the Court on behalf of Interim Co-Lead Counsel or other class counsel,

    b. receive and distribute any notices, orders, motions, briefs, or other correspondence that are not filed on ECF on behalf of and among Interim Co-Lead Counsel or other class counsel, and

    c. perform any other function the Court may request.

76814171.2

## **CASE MANAGEMENT**

13. Plaintiffs will file a consolidated complaint for the Related Cases no later than 14 days following the date of this Order.

14. Defendants are not required to answer, move, or otherwise respond to the initial complaints filed in the captioned matters.

15. Co-Lead Counsel and Defendants' counsel shall meet and confer with one another and submit to the Court a proposed schedule for Defendants to respond to the consolidated complaint and any motion to dismiss briefing.

IT IS SO ORDERED.


Dated: _____, 2023        _____
                                     Hon. Robert Kirsch
                                     United States District Judge

76814171.2