UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| *IN RE AXON VIEVU ANTITRUST LITIGATION* | No. 3:23-cv-7182-RK-RLS<br><br>**MEMORANDUM IN SUPPORT OF FEDERAL TRADE COMMISSION'S UNOPPOSED MOTION FOR LEAVE TO FILE AS AMICUS CURIAE** |

  The Federal Trade Commission hereby moves this Court for leave to file the attached brief as amicus curiae in connection with the pending motions to dismiss previously filed by Defendants Axon Enterprise, Inc. and Safariland, LLC (Dkts. 76, 78). All parties have consented to the filing of the amicus brief, but Defendants do not consent to the substance of the brief and may seek leave to file a response. Plaintiffs do not oppose affording Defendants an opportunity to respond to the proposed brief.

  The proposed brief addresses issues raised by the parties with respect to the prior administrative action taken by the Commission against Defendants as well as how the doctrine of perceived potential competition relates to claims brought under Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1–2. Because the proposed brief would be helpful to the Court and all parties have consented to its filing, the Commission's motion should be granted.

# INTRODUCTION

The pending dispositive motions in this case raise significant competition issues with market-wide implications extending beyond the parties' private dispute. The Federal Trade Commission, as an independent agency charged with protecting competition, represents the public interest and brings important expertise to these proceedings.

The attached amicus brief addresses issues not fully explored in the parties' briefs, including (1) the extent to which Defendants may rely on certain allegations and decisions in a prior administrative action initiated against them by the Commission, and (2) the applicability of the perceived potential competition doctrine to claims brought pursuant to Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1–2.

**I.     Courts Have Broad Discretion to Appoint Amicus Curiae and Look Favorably on Government Agencies Seeking Such Appointment**

"District courts have broad discretion to appoint *amicus curiae*." *Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp.*, 149 F.R.D. 65, 82 (D.N.J. 1993). Although there is "no rule governing the appearance of an *amicus curiae* in the United States District Courts," courts in this district look to the Federal Rules of Appellate Procedure for guidance in exercising their broad discretion. *See United States v. Alkaabi*, 223 F. Supp. 2d 583, 592 (D.N.J. 2002) (stating that "the Third Circuit's application of Fed. R. App P. 29 . . . provides guidance to this Court").

Rule 29 of the Federal Rules of Appellate Procedure distinguishes between amicus briefs filed by federal governmental agencies and those filed by private parties. Unlike amicus briefs filed by private parties, those from federal agencies are accepted by courts of appeals as a matter of right, Fed. R. App. P. 29(a)(2), and some courts in this district have accepted amicus filings solely on that basis.[1] Favorable treatment of proposed amicus filings by the federal government reflects the understanding that "governmental bodies, acting as amicus curiae, possess unparalleled institutional expertise and constitute a valuable means of determining how the court's decision may affect the world outside its chambers." Michael K. Lowman, *The Litigating Amicus Curiae: When Does the Party Begin After the Friends Leave?*, 41 Am. U. L. Rev.1243, 1261–62 (1992).

## II. The Court Should Exercise its Discretion to Accept an *Amicus* Brief by the Commission

Courts in this district typically approve amici participation when: "(1) the amicus curiae has a 'special interest' in the particular case; (2) the amicus curiae's interest is not represented competently or at all in the case; (3) the proffered information is timely and useful; and (4) the petitioner is not partial to a particular

---

[1] *E.g. Clark v. Actavis Group HF*, 567 F. Supp. 2d 711, 718 n.11 (D.N.J. 2008); *cf. Teva Branded Pharm. Prods. R&D , Inc. v. Amneal Pharms. of NY, LLC*, No. 2:23-cv-20964-SRC-MAH, Order Granting Fed. Trade Comm'n Unopposed Mot. for Leave to File as Amicus Curiae, Dkt. 63 (D.N.J. Mar. 28, 2024); *Perlman v. PNC Bank, N.A.*, No. 19-cv-61390, Order Granting Fed. Trade Comm'n Mot. for Leave to File Amicus Curiae Memo., Dkt. 39 (S.D. Fla. Oct. 10, 2019).

outcome in the case." *Prof'l Drug Co. Inc. v. Wyeth Inc.*, No. 11–5479, 2012 WL 4794587, *1 (D.N.J. 2012) (quoting *Liberty Res., Inc. v. Philadelphia Hous. Auth.*, 395 F. Supp. 2d 206, 209 (E.D. Pa. 2005)). The Commission satisfies these criteria.

First, the Commission is a federal agency charged with the task of representing the public interest, charged by Congress with the tasks of preventing unfair methods of competition and enforcing the federal antitrust laws. The Commission has a special interest in the correct interpretation of those laws. As discussed in the Commission's proposed amicus brief, this case involves several issues at the core of the agency's mission and expertise. Plaintiffs' allegations that Defendants harmed competition in the market for body worn camera systems and long-range conducted energy weapons through anticompetitive conduct, if true, could have serious implications. District courts consider these interests when granting motions for leave to federal agencies to participate as amicus curiae. *See, e.g.*, *Waste Mgmt. of Pa., Inc. v. City of York*, 162 F.R.D. 34, 37 (M.D. Pa. 1995) (stating as a basis for accepting an amicus brief that "the EPA has a special interest in this litigation as it is the primary body responsible for administering and enforcing" the relevant law).

Second, the Commission's interests, and the public interest, are not adequately represented by the private parties litigating this case. Plaintiffs are tasked with representing their own interests and those of the class they seek to

represent, but not the broader public, while Defendants are tasked with representing their business interests alone. The Commission, on the other hand, is a federal agency charged by Congress with preventing unfair methods of competition and enforcing the federal antitrust laws across the economy. 15 U.S.C. §§ 41–58.

Third, the proposed amicus brief provides useful information based on the Commission's extensive knowledge of, *first*, its own administrative procedures and the particular history of its prior administrative action against Defendants and, *second*, how markets operate and how the elimination of perceived potential competitors can harm competition. As noted in its brief, the Commission has extensive experience investigating and litigating anticompetitive mergers and conduct cases under the Sherman Act, the Clayton Act, the FTC Act, and other federal laws. The Commission's unique perspective as an antitrust enforcement agency would aid the Court in its analysis of the issues in this case.

The Commission's motion for leave is also timely. Although Defendants' motions to dismiss were due on February 5, 2024, those briefs were not publicly available until May 18, 2024. Response and reply briefs were not publicly available until May 20 and May 21, 2024 respectively. Those six briefs total over 150 pages, and the Commission submits its proposed amicus brief on the motion date of June 17, 2024 noticed by this Court. In addition, all parties have consented

to the Commission's filing of the proposed brief, and Plaintiffs do not oppose affording Defendants, as the parties seeking dismissal of this action, an opportunity to respond to the proposed brief. Lack of prejudice is strongly reinforced by Defendants' non-opposition to this motion.

Fourth, the Commission does not take a position on the ultimate outcome of the dispute between the parties in this case. Although the Commission argues that Defendants have taken certain positions that are legally incorrect and has a strong interest in the sound development of the law in this area,[2] the Commission takes no position on the overall merits of Plaintiffs' claims or the amount of damages, if any, they should be awarded if they prevail.

## CONCLUSION

For the foregoing reasons, the Commission respectfully requests that the Court grant it leave to file the attached brief as amicus curiae.


[signature block on following page]

---

[2] Courts "regularly allow[]" amicus filings advocating "policy interests" like the Commission's here. *Alkaabi*, 223 F. Supp. 2d at 592.

Dated: June 17, 2024

Respectfully submitted,

FEDERAL TRADE COMMISSION

Anisha Dasgupta
*General Counsel, Federal Trade Commission*

Hannah Garden-Monheit
*Director, Office of Policy Planning*

Henry Liu
*Director, Bureau of Competition*

*s/ Katherine Van Dyck*
Katherine Van Dyck
Ian Barlow
Peggy Bayer Femenella
Mark Hoffman
Nathan Soderstrom
600 Pennsylvania Avenue, NW
Washington, DC 20580
Telephone: (202) 386-2652

*Counsel for Amicus Federal Trade Commission*